PATRICK SHAUGHNESSEY *vs.* SEWALL AND DAY CORDAGE COMPANY.

Suffolk.   December 4, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Declaration — Trial.*

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, the declaration alleged, in substance, that while the plaintiff was in the process of oiling a machine it suddenly and unexpectedly started into motion; that when shut off for the purpose of oiling it was likely to start; that the defendant knew or ought to have known that it was likely to start; and that the defendant omitted to caution the plaintiff that it was likely to start. At the trial, the case was tried upon the theory, on the plaintiff's part, that the machine started of itself; and, on the defendant's part, that it was started by a fellow servant of the plaintiff. *Held*, that the judge rightly ruled that the plaintiff had the burden of proving that the machine started of itself; that he could not recover unless he proved this; and that, if the jury were unable to decide what caused the machine to start, he was not entitled to recover.

In an action for personal injuries occasioned to the plaintiff by the starting of a machine which he was engaged in oiling, while in the defendant's employ, if the declaration alleges that the machine was likely to start of itself, and did so start, the plaintiff has no ground of exception to a refusal of the judge to instruct the jury as to the defendant's duty if the machine was liable to start by the acts of some of his employees, on the ground that the question was not open under the declaration.

TORT, for personal injuries occasioned to the plaintiff by the starting of a machine which he was engaged in oiling, while in the defendant's employ. At the trial in the Superior Court, before *Blodgett,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*F. S. Hesseltine,* for the plaintiff.

*J. W. Cummings & E. A. McLaughlin,* for the defendant.

ALLEN, J. The questions in this case are narrow. The declaration alleges, in substance, that while the plaintiff was in the process of oiling the machine it suddenly and unexpectedly started into motion; that when shut off for the purpose of oiling it was likely to start; that the defendant knew or ought to have known that it was likely to start; and that the defendant omitted to caution the plaintiff as to its liability to start. We think any one, on reading the declaration, would understand that the plaintiff meant to allege that the machine was likely to start of itself, and did so start. This is the construction put upon the declaration at the trial by the presiding justice, and, so far as we can see from the bill of exceptions, the case was tried upon the theory, on the part of the plaintiff, that the machine started of itself; and, on the part of the defendant, that it was started by the agency of a boy or other fellow servant of the plaintiff. In this aspect of the case, the judge rightly ruled that the plaintiff had the burden of proving that the machine started of itself; that he could not recover unless he proved this; and that if the jury were unable to decide what caused the machine to start, etc., he was not entitled to recover.

The plaintiff's request for an instruction as to the duty of the defendant if the machine was liable to start by the acts of some of the defendant's employees was refused, on the ground that it was not open to the plaintiff under his declaration to present this view. The plaintiff does not appear to have made any

motion to amend his declaration, and we infer that the request was not presented till the end of the charge to the jury, and it does not appear that this ground of liability was relied on during the earlier portions of the trial. The judge did not deal with this question on the merits, but placed his refusal to entertain it on the ground that it was not open under the declaration. . We cannot say that this course was erroneous.

*Exceptions overruled.*